(No. 3544— )

GLENN DUCEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1940.*

C. E. CORBETT, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For more than a year prior to May 17, 1940, claimant was in the employ of respondent, first as a highway patrolmans' helper, and subsequent to March 1, 1940 as maintenance patrolman. On the morning of May 17, 1940 claimant was working on S. B. I. Route 47 near Bement, in Piatt County, and while unhitching the road grader from the maintenance truck in his charge, the stand upon which the grader was resting swung down and caught the first finger of claimant's left hand between the grader tongue and the stand, crushing such finger so that the terminal phalanx thereof had to be amputated. Claimant's injuries were sustained on a Friday and he was absent from work until the next Monday when he resumed his former employment. No deduction was made from his regular wages for the time he was absent from his work as aforesaid.

Upon a consideration of the facts in the record, we find as follows:

That on May 17, 1940 claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act; that claimant was in the employ of the respondent in the grade in which he was employed at the time of the accident for less than one year; that the annual earnings of persons of the same class in the same employment and same location during the year prior to May 17, 1940, was $1,620.00; that claimant's annual earnings, within the meaning of those words as used in the Workmen's Compensation Act were $1,620.00; that his average weekly wage was $31.15; that claimant at the time of the accident was thirty-three (33) years of age, and had no children under the age of sixteen (16) years; that necessary first aid, medical, surgical and hospital services were provided by respondent; that claimant was temporarily totally disabled from the date of his injury as aforesaid to May 20, 1940; that he suffered the loss of the first phalange of the first finger of the left hand which, under Paragraph E-6 of Section 8 of the Compensation Act is considered to be equal to the loss of one-half of such finger.

We further find that the period of claimant's temporary total incapacity for work was not more than six working days, and that therefore he is not entitled to receive from respondent any compensation for such temporary total incapacity.

We further find that claimant is entitled to have and receive from the respondent for the loss of one-half of the first finger of his left hand, the sum of Sixteen Dollars and Fifty Cents ($16.50) per week for a period of twenty (20) weeks, commencing May 18, 1940, pursuant to the provisions of Paragraphs E-2, E-6 and L of Section Eight (8) of the Workmen's Compensation Act.

We further find that the claimant has been paid the sum of Five Dollars and Nineteen Cents ($5.19) for non-productive time which must be considered as payment of compensation, and deducted from the amount which he is entitled to have and receive as above set forth.

We further find that all of the compensation due to claimant as aforesaid has accrued at this time.

Award is therefore entered in favor of the claimant, Glenn Ducey, for the sum of Three Hundred Twenty-four Dollars and Eighty-one Cents ($324.81).

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.